*Law Library*

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| Attorney General of Guam, | CIVIL CASE NO. CV0166-03 |
| Plaintiff, | |
| v. | |
| Carl T.C. Gutierrez; Davina M. Lujan; Robert H. Kono; Phillip J. Tydingco; Brooks Lynch Tydingco & Quan, LLP: Vivien Baytoyan-Sagisi; and Does A-M, | **Decision and Order** re: Motion for Judgment on the Pleadings |
| Defendant. | |

This matter came before Judge *Pro Tempore* Richard H. Benson on March 26, 2009. Plaintiff was represented by Assistant Attorney General Benjamin M. Abrams. Defendant Davina Lujan was represented by Attorney Delia S. Lujan. Defendant Gutierrez was represented by Attorney F. Randall Cunliffe. Having heard and considered the arguments, memoranda and papers presently before the court, it now issues the following decision denying the Defendant's request for judgment on the pleadings.

### BACKGROUND

This matter arises out of a complaint brought by the Plaintiff on February 21, 2003. In its complaint the Plaintiff asserts the court has jurisdiction over this matter pursuant to the authority designated to it in Section 1424(a) of Title 48 of the United States Code and the Guam Legislature's grant of original jurisdiction. More specifically the Plaintiff alleges the court's jurisdiction arises out of Guam Code Chapters 6, 7 and 30 of Title 5. *Compl.* at 1 and 2. Plaintiff asserts its standing to bring this suit on behalf of the Government of Guam, the taxpaying citizens of Guam and under her common law powers to preserve the property of the Government of Guam. *Id.*

The Plaintiff alleges that Defendants spent public money illegally, without proper appropriation, without proper authority, or contrary to law, when they approved and signed a $300,000.00 settlement agreement with Dr. Vivien Batoyan. *Id.* at 5 and 6. Plaintiff asserts that Defendant lacked authority to so act, because prior to payment, Chapter 6 of Title 5 of the Guam Code had not been followed. *Id.* at 5 and 7. In support of this claim Plaintiff asserts that Guam Memorial Hospital Authority (hereafter GMHA), is immune from tort and contract liability except when the procedures for recovery outlined in Title 5, Chapter 6 of the Guam Code are strictly followed. *Id. at* 4.

Plaintiff's complaint alleges that; 1) Defendant's violated Section 7102 of Title 5 of the Guam Code; 2) that Defendants violated GMHA's standard operating procedures by not requiring Dr. Batoyan to file a claim form; and 3) that Defendants violated Section 6206 of Title 5 of the Guam Code by failing to receive the approval of the GMHA Claims Officer. *Id.* at 6 and 7. In its requests for relief Plaintiff request that the court enter the following judgment: 1) a joint and several judgment against the Defendants for $300,000.00; 2) actual and consequential damages; 3) prejudgment interest; 4) attorneys fees and costs as permitted by Section 7113 of Title 5 of the Guam Code; and 5) other equitable relief.

## DISCUSSION

Defendant Lujan has requested that pursuant to rule 12(c) of the Guam Rules of Civil Procedure the court enter a judgment on the pleadings in her favor. *Mot.* at 1. In support of her motion Defendant asserts that Plaintiff complaint raises a single cause of action; the violation of Chapter 7 of Title 5 of the Guam Code. *Id.* She argues that she is entitled to judgment on the pleadings because: 1) GMHA is authorized to settle a dispute even when no claim has been filed; 2) the Plaintiff is barred by the doctrine of estoppel; and 3) the Plaintiff is bound by the acts of its predecessor. *Id.* at 3.

In support of her first argument Defendant argues that GMHA was authorized to settle the Batoyan dispute because the act only requires that a claim be filed prior to litigation, not settlement. *Id.* at 4. Defendant Lujan argues that the absence of a law prohibiting the

settlement of disputes prior to litigation, gives her the authority to so act. She also argues that the intent of the act is to promote not discourage settlement. *Id.* at 4.

Defendant Gutierrez, on March 24, 2009, filed a paper requesting that he be allowed to join Defendant Lujan's motion and attempted to incorporate by reference Defendant Lujan's memorandum of law and supporting declarations.[1] In opposition to the Defendant's arguments Plaintiff contents that Defendant Lujan was aware that of the fact that Dr. Batoyan had not filed a claim when she approved and signed the settlement agreement. *Opp.* at 2.[2]

**a) Standard of Review**

Rule 12(c) of the Guam Rules of Civil Procedure provides,

> Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the

---

[1] In addition to Defendant Gutierrez's motion being filed without exception outside the time limits indicated by the scheduling order. This argument is made by referring the court to another argument made in another brief. Rule 11(c)(1) of the Guam Rules of Civil Procedure provides, that motions under Rule 11 are to be made separately. Guam R. Civ. P. 11(c)(1) (2008). Rule 7 regulates the motion practice in the Superior Court. *Id.* at 7. It provides that,

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

*Id.*
The reference to or the incorporation of an argument made in another request or memorandum is neither contemplated or permitted by this rule. Defendant's request that the court consider arguments outside of the body of the motion is not supported by any rule or law. The court will not consider arguments not contained with particularity within the body of the motion.

[2] The court here notes that in rendering this decision it did not consider any of those facts to which Defendant Lujan objected were beyond the scope of her motion for judgment on the pleadings. The court further notes that it did not consider any of the oral arguments made by the parties, which were not raised in their written motions.

pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Guam R. Civ. P. 12(c) (2008). Interpreting this rule the Guam Supreme Court in 1999 held, "[a] '[j]udgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Ada v. Guama Telephone Authority*, 1999 Guam 10, ¶ 9 (Sup. Ct. Guam 1999)(internal citation omitted). In 1984, Clarifying the movant's burden under the rule the Guam District Court explained, "[a] motion on the pleadings shall not be granted unless the 'movant clearly establishes that no material issue of fact remains to be resolved and that [defendant] is entitled to judgment as a matter of law.'" *Hennegan v. Pacifico Creative Service, Inc.*, 674 F.Supp. 303, 305 (D. Ct. Guam 1987)(internal citations omitted). Furthermore, "[t]o overcome a Rule 12(c) motion a complaint must allege facts that if proven would establish each element of each claim. Conclusionary assertions are not accepted as facts." *Id*.

**b) Analysis**

In this case the Complaint on its face contains three causes of action: 1) Defendants violated Section 7102 of Title 5 of the Guam Code; 2) that Defendants violated GMHA's standard operating procedures by not requiring Dr. Batoyan to file a claim form; and 3) that Defendants violated Section 6206 of Title 5 of the Guam Code by failing to receive the approval of the GMHA Claims Officer. *Compl.* at 6 and 7. Although Defendant asserts that the complaint only contains one cause of action this assertion is neither supported or explained. However Defendant argues that the first claim identified above should be dismissed claim because the Government Claims Act contains no provision that requires that a claim be submitted before an agency can settle the dispute. *Mot.* at 4. Based upon the absence of a restriction and policy of encouraging settlement that was pronounced by the Guam Supreme Court in 2001, in *Pacific Rock* the Defendant argues that she had the

authority to settle the suit absent claim being filed. *Mot.* at 4.(citing *Pacific Rock Corp. v. Dept. Educ.*, 2001 Guam 21, ¶37 (Sup. Ct. Guam 2001).

Section 7102 of Title 5 of the Guam Code provides,

> Any officer . . . of the government of Guam who is charged with or assumes responsibility for the certification of availability of funds or the spending of money belonging to the territory of Guam . . . stands in a fiduciary relationship to the people of Guam in regard to the management of public money. Any such officer . . . shall discharge their duties with respect to the management of public money solely in the interest of the people of the territory of Guam. Any such officer . . . shall discharge his duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

5 Guam Code Ann. § 7102 (2008). Whether Defendant Lujan had the authority approve and sign the settlement agreement between her and Dr. Batoyan because the act did not prohibit it does not resolve the question of whether she acted with the care, skill, prudence and diligence mandated by the statute. *Id.* Absent the Defendant showing that as a matter of law it so acted the court is unable grant her request.

Defendant next affirmatively argues that the court should enter a judgment on pleadings because Plaintiffs are equitably estopped from prosecuting the complaint. In 2007 the Guam Supreme Court in outlined the elements of an equitable estoppel claim as follows:

> Guam's equitable estoppel doctrine . . . [sets] forth four elements that must be proven in an equitable estoppel analysis: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon; (3) the party asserting the estoppel must be ignorant of the true state of the facts; and (4) he must rely upon the conduct to his injury.

*Limtiaco v. Guam Fire Dept.*, 2007 Guam 10, ¶58 (Sup. Ct. Guam 2007)(internal citations omitted). Plaintiff in its complaint asserts standing on behalf of the Office of the Attorney General, the Government of Guam, and the taxpayers of Guam. The court is unpersuaded

by the Defendant's application of the elements of estoppel to Plaintiff's three assertions of standing. Although she asserts that the Plaintiff's signature upon the settlement agreement necessitates a finding of awareness and intention, she fails to support this argument with any authority or argument. *Mot.* at 6. The same follows for each of the elements of the estoppel assertion. *Id.* Defendant also does not affirmatively assert her ignorance of the true state of the facts. Furthermore Defendant fails to assert or cite to any facts which support an argument that the taxpayers of Guam should be equitably estopped.

The last argument Defendant makes in support of its request for a 12(c) judgment is that Plaintiff is bound by the acts of its predecessor. In support of this argument Defendant cites the U.S. Supreme Court's 1903 decision in *Prout v. Starr.* 188 US 537 (1903). In *Prout* the Court held that a federal court could enjoin the successors in the office of Attorney General from the enforcement of an state statute which had previously held to be unconstitutional. *Id.* at 544. In this case unlike as in *Prout* there has been no order or finding by which the Plaintiff can be held to be subsequently bound. Furthermore, Defendant has made no attempt to apply this argument to the Plaintiff as taxpayers.

## CONCLUSION

For the reasons stated above Defendant's 12(c) motion for judgment on the pleadings is denied.

**SO ORDERED**, this April __8__, 2008.

_Richard H. Benson_
Richard H. Benson
Judge *Pro Tempore*, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam.

APR 0 8 2009

Esther L.G. Pinaula
Deputy Clerk, Superior Court of Guam